868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Milton A. SCHULTZ, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1544.
 United States Court of Appeals, Federal Circuit.
 Jan. 9, 1989.
 
 Before MARKEY, Chief Judge, and EDWARD S. SMITH and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States Claims Court, No. 377-88C, dismissing Milton A. Schultz's (Schultz) complaint for lack of jurisdiction, is affirmed.
 
 OPINION
 
 2
 We agree with the Claims Court that Schultz's claim was not brought within the six-year statute of limitations. See 28 U.S.C. Sec. 2501 (1982). That limitation "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of soverign immunity and, as such, must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed.Cir.1988); see Soriano v. United States, 352 U.S. 270, 276 (1957). Schultz failed to allege a set of facts even remotely supporting a tolling of the statute. See, e.g., Hopland Band, 855 F.2d at 1577-79 (drawing distinction between tolling of accrual and tolling the statute); Japanese War Notes Claimants Ass'n of the Phillipines, Inc. v. United States, 373 F.2d 356, 358 (Ct.Cl.), cert. denied, 389 U.S. 971 (1967) (applying statute of limitations and tolling principles).